(47 App. Div. 223.)

### ADSIT et al. v. EHMKE.

(Supreme Court, Appellate Division, Fourth Department. January 30, 1900.)

CONVERSION—WHEN MAINTAINABLE.

> Where plaintiffs agreed that one should cut timber on the farm of the other, and draw the same to a sawmill, and pay half the bill for sawing, in consideration of which he was to have one-half of the timber, and he did so, and defendant, who sawed the lumber, sold a portion of it, plaintiffs cannot recover against defendant, in conversion, where the one who cut the timber had sold his interest to defendant, with the knowledge of his co-plaintiff, though defendant had not paid for such interest.

Appeal from trial term, Chautauqua county.

Action by De Etta Adsit and Charles Augram against Charles Ehmke. Judgment for plaintiffs, and defendant appeals. Reversed.

In January, 1897, the plaintiffs entered into an agreement between themselves by which the plaintiff Augram agreed to cut certain timber standing on the farm of the plaintiff Adsit, and to draw the same to the sawmill, and pay one-half of the bill for sawing the same into lumber, in consideration of which Augram was to have one-half of the lumber which the timber would yield. Under this agreement, Augram cut and drew to the mill of the defendant 9,698 feet of elm logs and 16,275 feet of hemlock logs. These logs were subsequently sawn into lumber by the defendant, who thereupon sold and disposed of a portion thereof; and this action was brought in a court of a justice of the peace to recover the value of the lumber thus disposed of, upon the theory that the defendant had converted the same to his own use. A judgment was recovered by the plaintiffs for substantially the full amount claimed by them in their complaint, from which an appeal was taken to the county court of Chautauqua county, where the case was retried, with the result that the plaintiffs again obtained a verdict for the amount of their claim; and from the judgment entered thereon, as well as from an order denying the defendant's motion for a new trial, this appeal is brought.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

G. J. Dikeman, for appellant.

George E. Towne, for respondents.

ADAMS, P. J. Upon the trial in county court, some evidence was given by the defendant tending to show that the plaintiff Augram sold his interest in the logs to the defendant, with the knowledge and consent of his co-plaintiff, Adsit; and, in view of this evidence, it was contended by the defendant that the plaintiff Augram had no interest in the subject-matter of the litigation, and consequently could not maintain an action therefor. At the conclusion of his charge the learned trial judge was requested by the defendant's counsel to instruct the jury "that, if they should find that Ehmke bought the remainder of the logs or lumber of Augram, then the plaintiffs cannot recover in this action, even if he has not paid for or settled for them; that this action could be maintained only for goods sold and delivered,"—in reply to which request the court stated:

"I decline to charge as requested, and give you the exception. If Augram sold to him his interest, there is no evidence in the case that he had any authority to sell Miss Adsit's lumber; and she might, in any action of trover and conversion, recover for her interest. Whether that would be a joint action is another question."

This language is somewhat obscure, and precisely what meaning the learned trial court intended thereby to convey is involved in some doubt; but we think that the defendant was entitled to have the jury instructed in accordance with this request, and that it was error for the court to decline to so charge. While the evidence in the case perhaps does not establish a co-partnership between these plaintiffs as respects the lumber in question, the action was nevertheless brought and sought to be maintained upon the theory that they were jointly interested therein; but it is obvious that, if the plaintiff Augram had disposed of his share of the lumber with the knowledge and consent of his co-plaintiff, he had no further interest therein, and consequently was not entitled to maintain this action. It is equally obvious that, if such were the case, the plaintiffs were not entitled to recover the full value of the lumber which it is claimed the defendant had sold and converted to his own use; and, inasmuch as the verdict represents such value, it is impossible to say that the refusal of the court to charge as requested did not in some measure influence the action of the jury. We conclude, therefore, that the error complained of renders a new trial necessary.

Judgment and order reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.